NUMBER 13-06-405-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JOE GUADALUPE BALLESTEROS, Appellant,


v.
 


NUECES COUNTY, TEXAS Appellee.

 



On appeal from the 347th District Court 

of Nueces County, Texas.


 


DISSENTING OPINION ON REHEARING



Before Justices Yañez, Benavides and Vela


Dissenting Opinion on Rehearing by Justice Vela


 

 I agree with the majority's holding on rehearing that section 89.0041 of the Texas
Local Government Code is not jurisdictional. See Tex. Loc. Gov't Code Ann. § 89.0041
(Vernon 2008). However, I disagree that substantial compliance is all that is required
under the statute. As such, I would grant the motion for rehearing, but I would affirm the
trial court's order dismissing the case for failure to comply with the statute.

 Appellant argues that the trial court erred in granting the County's motion because
he either complied with the notice requirements set forth in Texas Local Government Code
section 89.0041, or he was not required to comply because the County had actual notice
of his claim based on his pursuit of the same claim in a dismissed federal court action. 
See Tex. Loc. Gov't Code Ann. § 89.0041. 

 Section 89.0041 of the Texas Local Government Code, entitled "Notice of Suit
Against County," effective September 1, 2005, requires:

 (a) A person filing suit against a county or against a county official in the
official's capacity as a county official shall deliver written notice to:

 (1) the county judge, and

 (2) the county or district attorney having jurisdiction to
defend the county in a civil suit.

 (b) The written notice must be delivered by certified or registered mail by
the 30th business day after suit is filed and contain:

 (1) the style and cause number of the suit;

 (2) the court in which the suit was filed;

 (3) the date on which the suit was filed;

 (4) the name of the person filing suit.

 (c) If a person does not give notice as required by this section, the court
in which the suit is pending shall dismiss the suit on motion for
dismissal made by the county or the county official. (emphasis
added).


Tex. Loc. Gov't Code Ann. § 89.0041. 

 It is undisputed that Ballesteros did not meet the specified requirements of section
89.0041. He filed an original petition against the County in state district court. Ballesteros
served the county judge, but he did not timely provide written notice to the county judge or
the Nueces County Attorney by certified or registered mail. While he suggests to this Court
that he was not required to comply because the federal court remanded the case to state
court, the federal court, in fact, did not remand the case, but dismissed it without prejudice. 

The case before the trial court was a new suit against the County filed after the effective
date of section 89.0041. Thus, the issue here narrows to whether substantial compliance
is sufficient to maintain the suit. There is nothing in the language of the local government code that would relieve
Ballesteros from compliance and the majority opinion appears to agree with this
proposition. The plain language of the code requires a plaintiff to provide notice to certain
county officials of specific items within thirty days of filing a civil suit, and it prescribes the
means by which notice must be given, either by certified or registered mail. Tex. Loc.
Gov't Code Ann. § 89.0041. Ballesteros did not specifically comply with the statute
because he did not deliver timely written notice to the county judge or the county or district
attorney by certified or registered mail. If a statute is clear and unambiguous courts,
should afford it its common meaning. Tex. Dep't. of Transp. v. City of Sunset Valley, 146
S.W.3d 637, 642 (Tex. 2004). Subsections (a) and (b) of the newly-enacted section provide that written notice of
specific information is to be given by a specific time to certain named individuals, in a
particular manner. Tex. Loc. Gov't Code Ann. § 89.0041(a), (b). Subsection (c) provides
that the court shall dismiss, if the person does not give the required notice pursuant to
subsections (a) and (b). Tex. Loc. Gov't Code Ann. § 89.0041(c). The word "shall"
imposes a duty. Tex. Gov't Code Ann. § 311.016(2) (Vernon 2005). The statute further
indicates that notice "must" be given by registered or certified mail. The word "must"
creates or recognizes a condition precedent. Tex. Gov't Code Ann. § 311.016(3) (Vernon
2005). While certain statutes, such as the Texas Tort Claims Act, suspend notice
requirements if the governmental unit has actual notice, section 89.0041 does not contain
a similar provision. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (Vernon 2005). 
On its face, the statute gives specific directives to the trial court. There is no language in
the statute allowing the trial court to utilize its discretion to determine if a party has
substantially complied with the statute. 

 I would hold that the Legislature did not intend to enact a useless statute. See
Armstrong v. Hixon, 206 S.W.3d 175, 182 (Tex. App.Corpus Christi 2006, pet. denied). 
Here, the local government code mandates the dismissal of the case for failure to comply
with its terms. If this statute is not interpreted as mandatory, it will have little or no
meaning. Section 89.0041 was enacted in addition to those presentment statutes already
in effect and must be construed in addition to all other notice and presentment
requirements. The equities certainly favor Ballesteros. Both sides had been previously
engaged in litigation in this very matter and the County and its officials were aware of his
claims. However, I believe the trial court had no choice but to follow the statute. It would
be a harsh application in this case and seemingly a trap for the unwary in future cases. 
However, the statute contains no exceptions, making compliance mandatory. The statute
says what it says. If that it is not what was intended, it is for the legislature to change the
statute. 



 Rose Vela

 Justice




Dissenting Opinion on Rehearing delivered

and filed this 14th day of May, 2009.